IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT ) 
OPPORTUNITY COMMISSION, )
 )
          Plaintiff, )
 )
     v. ) Civil Action No. 2:10-cv-0833 RTR
 )
ABBOTT LABORATORIES, )
 )
          Defendant. )

## AGREED PROTECTIVE ORDER

      Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and Defendant, ABBOTT LABORATORIES, having agreed that the following restrictions shall apply to documents and information produced for inspection and copying pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, it is hereby ordered that:

      1.    The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information. Confidential Information protected by this Order shall include: (1) documents relating to current and former employees of Defendant not a party to this action; (2) Abbott's confidential and proprietary information including, but not limited to, trade secrets or other confidential, competitive, proprietary information including, financial information, sales records, customer account information, business plans and strategy, confidential employee compensation and benefits records and policies, personnel records, and proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), which the disclosing party

takes appropriate efforts to keep confidential or the party is otherwise required to keep confidential by agreement or law; and (3) Plaintiff's financial records and family medical records. Confidential Information shall be marked with the word "CONFIDENTIAL;" except that material covered by (3) above shall not require such marking to be protected.

2. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information shall also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain the contents of the Confidential Information.

3. Except for the documents identified in paragraph 1 of this Protective Order, the parties will designate no other document produced in discovery as Confidential Information, or file any document under seal, without previously obtained Court approval.

4. If any party or member of the public challenges the confidentiality of any Confidential Information, the party asserting that the document should be designated as confidential shall bear the burden of demonstrating the propriety of the confidentiality.

5. During the pendency of this litigation, Confidential Information shall be retained solely in the custody of the parties and their attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in paragraph 6 below, as otherwise agreed upon by the parties, or upon leave of Court. Any person

shown Confidential Information must be told of its confidential nature and must agree to keep it confidential.

      6.      The parties (deemed to include claimant John Ziegler for purposes of this Agreed Protective Order) and counsel for the parties must not disclose or permit the disclosure of any Confidential Information protected by this Order to any other person or entity, except that disclosures may be made in the following circumstances:

      a.      Disclosure may be made to the parties and counsel for the parties and employees or independent contractors of counsel for the parties (e.g., attorneys, clerks, paralegals, secretaries, copy services, or litigation support services) who are directly involved in prosecuting, defending, or providing legal advice to the parties regarding this litigation. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order.

      b.      Disclosure may be made only to employees of a party required in good faith to provide assistance in prosecuting or defending this litigation.

      c.      Witnesses or potential witnesses may review Confidential Information as deemed necessary by counsel for witness preparation, but will not be given copies thereof. Any such person to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order.

      d.      The parties agree to redact the confidential information contained in any Confidential Information filed in Court and will separately provide the assigned Judge with unredacted copies.

      e.      In the event that any question is asked at a deposition with respect to which a party's or the witness's attorney asserts, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Order shall be advised of and asked to evidence their agreement to the terms and conditions of this Order on the record. If any such person, other than the witness, declines to evidence agreement to this Order, that person shall leave the room during the time in which Confidential Information is disclosed or discussed. Counsel for the designating

party may also, within ten (10) calendar days after receipt of the deposition transcript, notify all other counsel of the portions of the deposition transcript (and videotape, as applicable) to be designated Confidential Information.

f. Confidential Information may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation; and

g. Confidential Information may be used as evidence at trial and shall not be sealed except as the Court shall direct at that time.

7. Nothing in this order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the Confidential Information as proscribed in this Order.

8. Any person or entity to whom Confidential Information are disclosed in accordance with this Protective Order may use the Confidential Information solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Information to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

9. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

10. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

11. Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties,

permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Information beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any Confidential Information, then a party may petition the Court for a determination of these issues.

12. In the event that any producing party claims that it has inadvertently produced Confidential Information but not designated as such, the parties agree that such production shall not operate as a waiver of any claim of confidentiality. Any party who is notified that Confidential Information has been inadvertently produced shall treat the Confidential Information as subject to the designation of confidentiality unless and until the Court determines that such designation does not apply, and shall make reasonable efforts to notify all persons who have received the Confidential Information to inform them of the designation of confidentiality and the requirements that accompany such a designation.

13. Upon completion of the litigation, each party shall return to the other or destroy all copies of Confidential Information after the party who produced the Confidential Information requests in writing that the Confidential Information be returned or destroyed. If the material is destroyed, counsel for the destroying party shall certify in writing that the destruction has taken place. Notwithstanding anything to the contrary, counsel for the parties shall be permitted to maintain the complete integrity of their respective case files after the conclusion of this litigation including, but not limited to, all

pleadings, briefs, and discovery materials that include Confidential Information or documents, but these materials shall remain subject to the terms of this Protective Order.

IT IS SO ORDERED.

ENTERED BY: *s/ Rudolph T. Randa*
Hon. Rudolph T. Randa
United States District Judge

DATE: August 4, 2011

AGREED TO BY:

s/ Brian C. Tyndall
Brian C. Tyndall
Attorney for Plaintiff


s/ Joseph J. Torres
Joseph J. Torres
Attorney for Defendant