UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

  -vs-                                            Case No. 10-C-0833

ABBOTT LABORATORIES,

        Defendant.

## DECISION AND ORDER

This age discrimination action is before the Court on the motion of the Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC"), pursuant to General Local Rule 79(d)(6) (E.D. Wis.), to seal specified documents, excerpts of documents, and portions of the EEOC's summary judgment response brief and its response to Defendant Abbott Laboratories' ("Abbott") proposed findings of material facts and additional facts that require the denial of summary judgment. The EEOC also requests permission to amend its motion to seal if, during further discussions between the parties, Abbott agrees that some or all of the specified materials may be unsealed.

On June 27, 2012, the EEOC filed redacted versions of its summary judgment response and related documents. Thereafter, on June 28, 2012, the EEOC filed unredacted versions of that response and related documents. *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).

However, the EEOC has not complied with Civil Local Rule 7(a), which requires that every motion be accompanied by a supporting memorandum or a statement that no memorandum will be filed. Thus, the Court knows only that the documents in question have been designated by Abbott as confidential pursuant to the Agreed Protective Order filed on August 4, 2011 (ECF No. 22). The Protective Order broadly defines confidential information as including:

> (1) documents relating to current and former employees of [Abbott] not a party to this action; (2) Abbott's confidential and proprietary information including, but not limited to, trade secrets or other confidential, competitive, proprietary information including, financial information, sales records, customer account information, business plans and strategy, confidential employee compensation and benefits records and policies, personnel records, and proprietary research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), which the disclosing party takes appropriate efforts to keep confidential or the party is otherwise required to keep confidential by agreement or law; and (3) Plaintiff's [sic] financial records and family medical records.

The EEOC has not informed the Court why each document or portion of a document has been designated as confidential, or whether case law exists to support such designation.

Federal Rule of Civil Procedure 26(c) allows the Court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." The party seeking to seal items has the burden of showing cause and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548

(7th Cir. 2002). Even when the parties agree as to the need to protect information from public disclosure, the Court must determine whether there is good cause to seal documents that are filed in the matter. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

"The rights of the public kick in when material produced during discovery is filed with the court." *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Documents that have been used in a Court proceeding may "'influence or underpin the judicial decision' and . . . are therefore presumptively 'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Id.* at 1075 (quoting *Baxter Intl., Inc.*, 297 F.3d at 545). Unlike unfiled discovery to which the public generally has no right of access, "[i]t is beyond dispute that most documents filed in court are presumptively open to the public." *Id.* at 1073.

This Court has a duty to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank*, 178 F.3d at 944 (citing Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-87 (3d Cir. 1994)). The Court may not grant *carte blanche* to either party to seal whatever portions of the record the party wants to seal. *Id.* The parties to a lawsuit are not the only entities who have a legitimate interest in the record compiled in a legal proceeding. *Id.* "[T]he public at large pays for the courts and therefore has an interest in what goes on

-3-

at all stages of a judicial proceeding." *Id.* at 945. "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden in a particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.*

The EEOC's motion to seal does not contain sufficient information to allow this Court to determine whether the proffered materials should remain under seal. On or before July 23, 2012, the EEOC must supplement its motion by filing a memorandum that includes a detailed factual statement, explaining document by document, the propriety of secrecy, providing reasons and legal citations. *See Baxter Int'l, Inc.*, 297 F.3d at 548. If Abbott continues to assert that the subject documents that it produced in discovery should be secret, it will have to assist the EEOC in providing the necessary statement. In addition, the EEOC may amend its motion to reflect any agreements that the parties have regarding the disclosure; e.g., the non-confidentiality, of the subject documents or portions thereof.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**On or before July 23, 2012**, the EEOC may file a memorandum in support of its motion to seal that analyzes in detail, document by document, the propriety of secrecy, providing reasons and legal citations, and/or amend its motion to reflect any agreements that the parties have regarding the disclosure of the subject documents.

-4-

Failure of the EEOC to file a supporting memorandum and/or an amended motion will result in denial of its motion to seal.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2012.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge