UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff,

v.                                         Case No. 10-C-833

ABBOTT LABORATORIES,

          Defendant.

# DECISION AND ORDER

This Decision and Order addresses two pending motions regarding the sealing of papers filed in conjunction with the briefing of the summary judgment motion filed by Defendant Abbott Laboratories ("Abbott") in this age discrimination action. The underlying documents were produced during discovery and designated by Abbott as confidential pursuant to the Agreed Protective Order filed on August 4, 2011.

## THE EEOC'S MOTION TO SEAL

On July 2, 2012, the Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed a Civil Local Rule 79(d)(6) motion to seal and for other relief with respect to specified documents, excerpts of documents, and portions of its summary judgment response brief and its response to Abbott's proposed findings of material facts and additional facts that require the denial of summary judgment. That motion was addressed in the Court's July 12, 2012, Order (ECF No. 52) directing the EEOC to supplement its submissions.

Subsequently, the EEOC filed an amended motion regarding that earlier motion to seal (ECF No. 57). As will be further explained, having reviewed the parties' submissions, the EEOC's motion is granted, in part, and denied, in part.

## Documents to Be Filed in the Public Record

After the EEOC filed its summary judgment responsive materials and its July 2, 2012, motion to seal, the parties reached an agreement that nearly all of the documents previously designated as confidential may be openly filed in court. The EEOC's amended motion reflects that agreement. Therefore, the EEOC's amended motion is granted to the extent that the following exhibits and related materials which are included in its June 28, 2012, filing must be filed in the public record:

(1) Deposition Exhibit 117;

(2) Deposition Exhibit 147;

(3) Deposition Exhibit 127;

(4) Pages AL011893 – AL011922 and part of AL011923[1] from Exhibit J to the Declaration of Brian C. Tyndall ("Tyndall") (i.e., all sales data prior to 2008) and the accompanying redacted portion of page four of the Defendant's Supplemental Response to the Plaintiff's Request for Production of Documents dated February 28, 2012, that is also part of Exhibit J;

---

[1] The EEOC's amended motion to seal contains typographical errors in that it refers to Pages AL011893 – AL011**921** and part of AL011**922** of Exhibit J to the Tyndall Declaration. However, the sales data prior to 2008 appears on AL 011**923**, not AL 011**922.** The Court has corrected the errors.

(5) Pages AL011944 –AL011990 and part of AL011991[2] from Exhibit JJ to the Tyndall Declaration (i.e., all sales data prior to 2008);

(6) the redacted portions at page four of the Plaintiff EEOC's Response Brief in Opposition to Summary Judgment;

(7) the redacted portions at pages 52, 65, 66, 67, and 68 of the EEOC's Response to the Defendant's Proposed Findings of Material Facts and the EEOC's Additional Facts that Require the Denial of Summary Judgment (except the 2008, 2009, and 2010 sales data in the chart on page 67);

(8) the redacted parts of paragraphs six and seven of the Tyndall Declaration (except the 2008, 2009, and 2010 sales data in the chart in paragraph six), and Exhibit K;

(9) pages 266 and 267 of the deposition testimony of Skip Baldino; and

(10) pages 54 through 57 of the deposition testimony of Elizabeth Mobarak.

**Documents to Be Sealed**

Despite the parties' agreement with respect to the majority of the documents, there is a dispute between the parties about whether three parts of previously filed documents should be filed in the public record or whether they should be filed under seal. Abbott contends there is good cause to seal them; the EEOC asserts Abbott has not established good cause.

---

[2] The EEOC's amended motion to seal contains typographical errors in that it refers to pages AL011944 – AL011**991** and part of AL011**992** of Exhibit JJ to the Tyndall Declaration. However, the sales data prior to 2008 appears on page AL 011**991**, not AL 011**992**. The Court has corrected the errors.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that, upon a showing of "good cause," the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." District courts, applying the case law of this Circuit, have found that such "highly sensitive pricing information" constitutes a trade secret, and therefore, may be filed under seal. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-C-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011). *See also, Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *10 (E.D. Wis. Oct. 24, 2008); *FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620 at *3 (N.D. Ill. Apr. 5, 2012).

The following information set forth in the corrected affidavit of William Conrad, the Defendant Abbott Laboratories' ("Abbott") Director of Operations for the Diagnostics Division (ECF No. 63-2), establishes "good cause" for sealing the following portions of documents that contain sales figures from 2008 to the present that are not publically available. The subject documents identify specific sales dollar amounts and pricing information for Abbott customers that are under ongoing contracts. (*See* Conrad Aff. ¶¶ 4- 5.) The sales data, which begins two years following Abbott's termination of John Ziegler's ("Ziegler") employment, reflects confidential pricing on Abbott products negotiated with each of Abbott's customers in Ziegler's former territory. (*Id*. at ¶¶ 4, 6.) Public disclosure of the sales figures could be used by competitors to outbid Abbott in future negotiations with Abbott's customers, (*id*. at ¶ ¶ 6-7), and the loss of business from disclosure of such information would create a significant harm to Abbott in the form of lost customers and lost revenue. (*Id.*) Abbott has

4

established that the information is of ongoing relevance and could be used by competitors to damage Abbott in the marketplace. Thus, with respect to the following portions of documents, the EEOC's motion is denied because Abbott has established "good cause" to seal the following:

> (1) The remainder of Exhibit J to the Tyndall Declaration (i.e., pages AL011923 – AL011943, the sales data for 2008 to 2012);
>
> (2) The remainder of Exhibit JJ to the Tyndall Declaration (i.e., pages AL011992 – AL012032, the sales data from 2008 to 2012);
>
> (3) The remainder of the redacted part of paragraph six of the Tyndall Declaration (i.e., the 2008, 2009, and 2010 sales data) and the remainder of the redacted part of page 67 of the EEOC's Response to the Defendant's Proposed Findings of Material Facts and the EEOC's Additional Facts that Require the Denial of Summary Judgment (i.e., the 2008, 2009, and 2010 sales data).

The sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those papers. *See Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007).

### ABBOTT'S MOTION TO SEAL

The second sealing motion is Abbott's motion to seal (ECF No. 60) three lines of paragraph 40 of its response to EEOC's statement of additional facts. Abbott has also filed an unredacted version of that response. The EEOC has not responded to the motion and the time for filing a response has passed.

Abbott maintains that the three lines of its response contain more recent sales data, from 2008 forward, that is confidential and, therefore, should be filed under seal. For the same reasons previously explained with respect to the sealing portion of the EEOC's

5

motion, Abbott's motion is granted. However, again in conformity with the controlling case law, the sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those lines. *Id*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The EEOC's amended motion (ECF No. 57) regarding its Civil Local Rule 79(d)(6) motion to seal and for other relief is **GRANTED** as in part and **DENIED** in part;

The EEOC must file documents in the public record and under seal in conformity with the Court's Order regarding its motion to seal;

Abbott's motion to seal (ECF No. 60) is **GRANTED**; and

Any party and any interested member of the public **MAY CHALLENGE** the sealing of any paper that is sealed pursuant to this Order.

Dated at Milwaukee, Wisconsin this 5th day of September, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**